**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAM PEREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARION E. SPEARMAN, Warden,<br><br>　　　　Respondent. | Case No. 1:14-cv-02052-LJO-SKO-HC<br><br>ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperia with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed in the United States District Court for the Northern District of California on September 23, 2014, and was transferred to this Court on December 19, 2014.

　　The petition reflects that Petitioner is serving a six-year sentence imposed in the Fresno County Superior Court in June 2010. Petitioner is incarcerated at the Correctional Training Facility

1

1 (CTF) at Soledad, California, which is located in Monterey County.
2 (Pet., doc. 1 at 1-2.)  Thus, Petitioner is incarcerated within the
3 Northern District of California.  28 U.S.C. § 84(a).
4     Petitioner challenges findings resulting from a prison
5 disciplinary proceeding concerning Petitioner's possession of
6 contraband (a wig) that occurred while Petitioner was incarcerated
7 at the CTF.  (Doc. 1-3 at 18-29.)  Thus, the disciplinary violation
8 and proceeding that form the basis of the instant petition occurred
9 at the CTF in the Northern District.
10    Title 28 U.S.C. § 2241(d) provides as follows which respect to
11 venue, jurisdiction, and transfer in a habeas proceeding pursuant to
12 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus
> is made by a person in custody under the judgment
> and sentence of a State court of a State which
> contains two or more Federal judicial districts,
> the application may be filed in the district court
> for the district wherein such person is in custody
> or in the district court for the district
> within which the State court was held which
> convicted and sentenced him and each of such
> district courts shall have concurrent jurisdiction
> to entertain the application. The district court
> for the district wherein such application is filed
> in the exercise of its discretion and in furtherance
> of justice may transfer the application to the
> other district court for hearing and determination.

    Although venue is generally proper in either the district of
the prisoner's confinement or the district of the convicting court's
location, the preferred venue is the district of confinement where a
petition challenges a disciplinary decision made in the district of
the prisoner's confinement:

> Venue in a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See* Dannenberg v. Ingle, 831 F.Supp. 767, 768 (N.D.Cal. 1993); Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968). However, if the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(b)(2); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Brown v. Court of Appeals-Third District, No. C-11-3464 TEH (PR), 2012 WL 368376, at *1 (N.D.Cal. Feb. 3, 2012) (unpublished). A court should also consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that if venue is improper, the district court in which the case is filed shall dismiss the case, or if it is in the interest of justice, transfer the case to any district or division in which it could have been brought. Title 28 U.S.C. § 1631 provides that if a civil action is filed in a court that lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action to any other court in which the action could have been brought when it was filed, and the action shall proceed as if it had been filed in the court to which it is transferred on the date on which it was actually filed in the transferring court.

The petition concerns not the propriety of Petitioner's conviction or sentence on his commitment offense, but rather the execution of his sentence. Even if this Court has jurisdiction, the

petition concerns execution of Petitioner's sentence.  The Northern District, as the district in which the Petitioner is confined, would be the appropriate venue for the action to proceed.  The Court finds that the interests of justice would be served by transferring the petition to the district of Petitioner's confinement pursuant to 28 U.S.C. § 1406(a) and 2241(d).

Accordingly, it is ORDERED that the petition be transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   **January 7, 2015**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

4